UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| YUSUFU DANMOLA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-23-1137-G |
| | ) |
| BUREAU OF PRISONS, | ) |
| | ) |
|     Defendant. | ) |

## **ORDER**

On December 14, 2023, Plaintiff Yusufu Danmola, a federal inmate proceeding pro se, filed this civil rights action, naming as Defendant the federal Bureau of Prisons (or "BOP"). *See* Compl. (Doc. No. 1). In accordance with 28 U.S.C. § 636(b)(1), the case was referred to United States Magistrate Judge Amanda Maxfield Green for preliminary review.

Judge Green issued a Report and Recommendation ("R. & R.," Doc. No. 7) recommending that this action be dismissed on screening. *See* 28 U.S.C. § 1915A(a)-(b) (prescribing that the court shall dismiss "a complaint in a civil action in which a prisoner seeks redress from a governmental entity" if the complaint "fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief"); *see also* Fed. R. Civ. P. 12(h)(3). On February 22, 2024, Plaintiff filed a timely objection to the R. & R. *See* Pl.'s Obj. (Doc. No. 8).

Pursuant to governing authority, the Court reviews de novo the portions of the R. & R. to which specific objections have been made. *See United States v. 2121 E. 30th St.*, 73

F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Having conducted this de novo review, the Court finds as follows.

In his Complaint, Plaintiff alleges that he is "being held beyond [his] maximum date of imprisonment due to a capricious method of application of the PATTERN Score and First Step Act." Compl. at 7. He asserts that his PATTERN score inaccurately reflects that his crime of conviction under 18 U.S.C. § 922(g)(1) is a violent offense, and if the score were calculated correctly, he would be classified as low recidivism, "and the year that [he] ha[s] earned due to accumulation of Federal Time Credits would allow [him] to be released immediately." *Id.* Ex. 1 (Doc. No. 1-1) at 1. As relief, Plaintiff seeks $5,000,000 in damages. *See* Compl. at 8.

In the R. & R., Judge Green examined the Complaint and found that, although the pleading had cited 42 U.S.C. § 1983, Plaintiff's claim is raised against a federal agency, rather than a state actor, and so should be liberally construed as potentially arising under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See* R. & R. at 1 n.1. Judge Green then concluded that Plaintiff's claim is barred by sovereign immunity and therefore must be dismissed due to the Court's lack of subject-matter jurisdiction. *See id.* at 5-6.

In his Objection, Plaintiff primarily disputes the recharacterization of his 42 U.S.C. § 1983 claim as a *Bivens* claim, arguing that the BOP is subject to suit under § 1983 due to the relevant federal correctional facility being situated on property purchased by the consent of the State of Oklahoma. *See* Pl.'s Obj. at 1-3. Plaintiff further argues that, for various reasons, the BOP is not immune from liability for damages claims. *See id.* at 3-8.

Plaintiff's objections are meritless. "To state a claim under § 1983, a plaintiff must allege the violation of a [federal] right" "and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). It is well established that a § 1983 claim ordinarily cannot be brought against federal officials. *See Big Cats of Serenity Springs, Inc. v. Rhodes*, 843 F.3d 853, 869 (10th Cir. 2016) ("Section 1983 is not directed at conduct by federal officials. Instead, it provides a remedy against state actors who violate a federal right, pursuant to state authority.").[1] Instead, "the Supreme Court in *Bivens* approved a judicially-implied cause of action allowing individuals to seek damages for unconstitutional conduct by federal officials." *Id.* at 859.

Even assuming Plaintiff could have brought suit against individual federal officials pursuant to *Bivens*, however, the magistrate judge is correct that "Congress has not extended the *Bivens* remedy to federal agencies" such as Defendant BOP. R. & R. at 6; *see Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) (citing *FDIC v. Meyer*, 510 U.S. 471, 485-86 (1994)). And such agencies are entitled to sovereign immunity, which is a jurisdictional bar that shields the federal government and its agencies from suit. *Meyer*, 510 U.S. at 475. Absent a waiver of immunity (and Plaintiff cites none), the BOP is entitled to sovereign immunity on Plaintiff's claim for monetary damages. *See* R. & R. at 6; *see, e.g.*, *Rojo-Alderte v. Fed. Bureau of Prisons*, No. 08-cv-00045, 2009 WL 598338, at *1, *3-4 (D. Colo. Mar. 6, 2009); *Jones v. U.S. Dep't of Just.*, No. Civ.A-02-2056, 2003

---

[1] While there are some exceptions to this rule, *see Big Cats*, 843 F.3d at 869-71, none is reasonably implicated by Plaintiff's allegations.

WL 24303731, at *1, *3 (D. Colo. Sept. 22, 2003). Accordingly, this Court lacks subject-matter jurisdiction over Plaintiff's claim, and dismissal is required. *See* 28 U.S.C. § 1915A(b)(2); Fed. R. Civ. P. 12(h)(3).[2]

## CONCLUSION

For the foregoing reasons, the Report and Recommendation (Doc. No. 7) is ADOPTED as modified herein. The Complaint (Doc. No. 1) is DISMISSED without prejudice due to a lack of subject-matter jurisdiction.[3]

A separate judgment shall be entered.

IT IS SO ORDERED this 16th day of April, 2024.

_____
CHARLES B. GOODWIN
United States District Judge

---

[2] Although the R. & R. recommends that this dismissal be made with prejudice to refiling, "dismissals for lack of jurisdiction should be without prejudice." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006).

[3] Based on this disposition, the Court need not address the R. & R.'s alternative recommendation that the case be dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).